IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOSSIE YISSELL RICKS,<br><br>            Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:18CR177DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Jail Credit. Defendant raises issues regarding credit for time served at the Weber County Correctional facility prior to her sentencing. Under federal law, 18 U.S.C. § 3582, the court loses jurisdiction of a criminal case at sentencing and can modify a sentence only in specific ways allowed by Congress. There is no authority that would allow the court to determine credit issues. After a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), whether the defendant should receive credit for time spent in custody, *see id.* § 3585(b), and whether the defendant should be awarded credit for "good time," *see id.* § 3624(b). *See United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (stating that BOP determines credit issues, not the district courts). Therefore, following sentencing, jurisdiction is turned over to the BOP and the court has no jurisdiction to grant Defendant credit. In certain situations the court could make a non-binding recommendation

to the BOP regarding jail credit. However, Defendant's motion does not provide the court with the information the court would need to determine whether the BOP should re-evaluate Defendant's credit. Defendant has not indicated the arresting entity or any possible state jurisdiction that may be involved in the case. That information is critical in determining whether Defendant was in custody for purposes of her federal sentence the entire time she was housed at the Weber Correctional facility. Without that information, this court cannot second guess the BOP's calculation. Because the court has no jurisdiction over Defendant's case, Defendant's motion for jail credit is DENIED.

DATED this 21st day of April, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge