IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**JOSSIE YISSELL RICKS,**<br><br>　　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-CR-177-DAK<br><br>Judge Dale A. Kimball |

　　　　On January 24, 2024, the court received a letter from Defendant seeking early termination of her supervised release. On February 18, 2020, this court sentenced Defendant to 72 months incarceration and 48 months of supervised release. Defendant began serving her term of supervised release on July 11, 2022. She has served about 18 months of her 48-month term. The United States opposes Defendant's motion, arguing that it is too early for termination of the 48-month term. The United States asserts that the court should not consider early termination until Defendant has completed at least 24 months with no violations. Defendant's United States Probation Officer has provided the court with a supervision summary and similarly recommends that the court not grant early termination of supervised release at this time.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has been fully compliant, completed all active conditions of supervision, maintained gainful employment, paid off all her financial obligations, and maintained sobriety.  Defendant's letter also indicated that she resides with family, has supportive friends, and has started her own business.  She has set goals and is accomplishing them.  The court can see that she is making great progress in turning her life around.

Despite these positive steps forward, the court believes that Defendant will benefit from continued supervision.  The court agrees that it is too early in her term of supervised release to consider terminating supervision.  Defendant should continue to have constructive communication with her probation officer regarding her progress.  She appears to be on a promising path forward.  The court is willing to reconsider early termination when Defendant has reached 24 months with no violations.  At this time, however, the court denies Defendant's motion for early termination of supervised release.

Dated this 6th day of February 2024.

                                          BY THE COURT:

                                          DALE A. KIMBALL
                                          United States District Judge